IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

LUKE STEWART, et al.,

    Plaintiffs,

vs.

BROTHERHOOD MUTUAL
INSURANCE COMPANY,

    Defendant.

Case No. 16-CV-488-JED-FHM

## OPINION AND ORDER

Plaintiff's Second Motion to Compel Discovery, [Dkt. 52], is before the undersigned United States Magistrate Judge for decision. The matter has been fully briefed, [Dkt. 52, 59, 67], and is ripe for decision.

Plaintiffs were injured in a roll over accident in a church van. Defendant insured the van for liability, uninsured/underinsured motorist (UM), and medical payments (med-pay). Plaintiffs were insureds under the UM and med-pay coverages. Plaintiffs allege that the Defendant violated its duty of good faith and fair dealing toward them with respect to the handling of their claims for UM coverage under the applicable policy.

Plaintiffs seek an order compelling answers to the following discovery requests:

> **INTERROGATORY NO. 11:** Describe your procedures for communicating the information on your website – particularly the safety related information – to your insureds
>
> **INTERROGATORY NO. 12:** Identify all individuals and/or entities that write the material on your website, including but not limited to the Deacon's Bench publication.
>
> **INTERROGATORY NO. 13:** Describe the procedure for selecting the topics for inclusion on your website.
>
> **REQUEST FOR PRODUCTION NO. 22:** Produce all claim files handled by Terri Christner in which either Rodney Stewart

or the law firm of Durbin Larimore & Bialick has been retained. This request includes but is not limited to the cases referenced by Mrs. Christner during her deposition. For purposes of this Request for Production, personal identification of the claimants/insureds may be redacted.

**REQUEST FOR PRODUCTION NO. 24:** Produce the complete liability claim file for each of the Plaintiffs' claims.

[Dkt. 52, pp. 10-12].

## Interrogatory Nos. 11, 12, and 13

Defendant objects to the interrogatories on the basis that the requested information and material concerning its website is not relevant to any matter at issue. Plaintiffs argue that the website materials warn and educate Defendant's insureds about various safety topics and risk management issues related to church ministries, including dangers of 15 passenger vans like the one involved in this case and dry rot in old tires on infrequently driven vehicles. According to Plaintiffs, these materials demonstrate Defendant's knowledge of the topic and provide a template for what Defendant should have considered in investigating their claim which involved a fifteen passenger van with old tires.

Plaintiffs' discovery requests do not concern the content of the website. Instead, the requests seek information about procedures for communicating the information on the website, the identity of the authors of the content, and how the content is selected. None of these topics is relevant to Plaintiffs' claims. The motion to compel is denied as to Interrogatories Nos. 11, 12, and 13.

## Request For Production No. 22

Defendant argues that Plaintiffs' request for production of all claims files handled by the adjuster in this case, Terri Christner, where she worked with attorney Rodney Stewart

2

or the law firm Durbin Larimore and Bialick seeks information that is not relevant, not proportional to the needs of the case, and seeks to discover information protected by the attorney client and work product privilege.  Plaintiffs assert that the information is relevant because Ms. Christner testified in her deposition that she assumed the lawyers were communicating with the insureds' lawyers, like they had done on a previous claim. According to Plaintiffs, Ms. Christner thus interjected those other claims with these lawyers into this lawsuit and they are therefore entitled to explore the differences in how those claims were handled compared to this case.

The court is not persuaded that any other claims are relevant to this case.  Based on the facts of this case, the Defendant either did or did not proceed in a reasonable manner in handling the instant UM claims.  Whether Defendant proceeded in a similar manner in relation to its use of attorneys in other cases will not tend to establish whether Defendant's actions were reasonable in this case.  Plaintiffs argue that the requested files would demonstrate a pattern or practice of claims handling conduct between Defendants and its lawyers.  However, the relationship between Defendant and its lawyers is not at issue in this case.  The issue in this case is Defendant's conduct in relation to Plaintiffs in regard to their UM claims.  The motion to compel is denied as to Request for Production No. 22.

### Request For Production No. 24

Plaintiffs argue the need for discovery of the complete liability claims files for each of the Plaintiffs.  Defendant argues that Plaintiffs are not entitled to these files because, as to the liability claims, under Oklahoma law Plaintiffs are third parties who are strangers to the insurance contract and Oklahoma law does not recognize a duty of good faith and fair

3

dealing as to such third parties. Plaintiffs do not disagree with this statement of the law, but assert that Defendant's investigation into the subject UM claims consisted of information primarily provided by attorney Stewart which Plaintiffs assert he obtained in assisting with the liability claims. Plaintiffs conclude that they must therefore obtain the liability files in order to determine what other evidence Defendant had that might bear on issues relevant to the UM claim. Plaintiffs have had a full opportunity to discover all of the facts concerning the accident. Plaintiffs have also had a full opportunity to discover all of the factual and legal basis for Defendant's handling of their UM claims. How Defendant handled the liability claims concerning the accident is simply not relevant to Plaintiffs' UM and bad faith claims. The motion to compel is denied as to Request for Production No. 24.

## Conclusion

Plaintiffs' Second Motion to Compel Discovery, [Dkt. 52], is DENIED.

SO ORDERED this 8th day of September, 2017.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE